```
          IN THE UNITED STATES DISTRICT COURT FOR
        THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                *
ALICIA ANN PHILLIPS,
                                *
     Plaintiff,
v.                              *     CIVIL NO.: WDQ-05-1651

SGT. TINA L. RAY, et al.,       *

     Defendants.                *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION AND ORDER

Alicia Ann Phillips has sued Sergeant Tina L. Ray and Sheriff Kenneth L. Tregoning of the Carroll County Sheriff's Department, alleging excessive force in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution, negligence, and battery.  Pending is the Defendants' motion to dismiss or for summary judgment.  For the reasons discussed below, the Defendants' motion for summary judgment will be granted with respect to Phillips's Constitutional claims; the Court will decline to exercise supplemental jurisdiction over the Plaintiff's state law claims.

BACKGROUND

At approximately 7:28 p.m. on March 28, 2004, Ray observed a red Chevrolet Monte Carlo traveling northbound on Route 194.  Ray Aff. at ¶¶ 1 - 3.  According to Ray's radar

1

unit, the vehicle was traveling 67 miles per hour in a 55 mile per hour zone. *Id.* at ¶ 3. Ray followed the vehicle and effected a traffic stop at the intersection of Route 194 and Copenhaver Lane. *Id.*

Alicia Ann Phillips was operating the vehicle, which displayed Pennsylvania plate ECG2363. *Id.* at ¶ 4. Phillips produced her Pennsylvania driver's license upon Ray's request. *Id.* Ray informed Phillips that she had been speeding and checked her registration and insurance information. *Id.* The Emergency Operations Center informed Ray that Phillips's driving privileges had been suspended in Pennsylvania. *Id.* Ray told Phillips that she was driving on a suspended license and that she was under arrest. *Id.*

Phillips protested, but Ray informed her that she was acting pursuant to the information that she had received from the Emergency Operations Center. *Id.* at ¶ 5. Phillips was then arrested without incident and placed in the rear seat of Ray's patrol car. *Id.* Ray handcuffed Phillips and inserted her middle and index fingers between each cuff and Phillips's wrists to ensure that they were not too tight. *Id.* Ray then secured Phillips's vehicle and placed it on the shoulder of the road. *Id.* Ray transported Phillips to Central Booking

for processing.  *Id.*  Once they arrived at Central Booking, Ray transferred custody of Phillips to a booking officer.  *Id.* at ¶ 6.

## STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine issue as to any material fact, and the moving party is entitled to summary judgment as a matter of law.  In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986), the Supreme Court explained that, in considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.* at 248.  Thus, "the judge must ask . . . whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented."  *Id.* at 252.

In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), but the opponent must produce evidence upon which a

reasonable fact finder could rely.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  The mere existence of a "scintilla" of evidence in support of the nonmoving party's case is not sufficient to preclude an order granting summary judgment. *Anderson*, 477 U.S. at 252.

## ANALYSIS

Phillips claims that Ray used excessive force by handcuffing her too tightly, causing pain and numbness in her wrists.  But Phillips has not submitted evidence that supports her claim.  Moreover, a claim that one's handcuffs were too tight is so insubstantial it cannot form the basis of an excessive force claim under the Fourth or Fourteenth Amendments.  *Carter v. Morris*, 164 F.3d 215, 219 n. 3 (4th Cir. 1999) (*citing Martin v. Gentile*, 849 F.2d 863, 868-69 (4th Cir. 1988); *Riley v. Dorton*, 115 F.3d 1159, 1166-67 (4th Cir. 1997)). Phillips's excessive force claim, therefore, cannot survive summary judgment.


August 8, 2005                             /s/
Date                                 William D. Quarles, Jr.
                                     United States District Judge